# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **JACOB MILNE** | ) | |
| | ) | **Case No. 25-20303** |
| **Debtor** | ) | |

---

| | | |
|---|---|---|
| **Jacob Milne** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **People of the State of** | ) | |
| **Wyoming, Department of** | ) | **Adversary No:25-02024** |
| **Environmental Quality** | ) | |
| | ) | |
| **Defendants** | | |

---

## Stipulation for Entry of Judgment Determining Debt to Be Nondischargeable

Adversary Plaintiff Jacob Milne ("Plaintiff") and Adversary Defendant People of the State of Wyoming, Department of Environmental Quality ("Defendant"), by and through their respective undersigned counsel, stipulate and agree as follows:

**Background**

1. Plaintiff Jacob Milne is a resident of Wyoming, and is the debtor in bankruptcy case number 25-20303 pending in the United States Bankruptcy Court for the District of Wyoming.

**2.** On November 19, 2025, Plaintiff Jacob Milne commenced this adversary proceeding seeking a determination as to whether the debt described below is non-dischargeable.

**3.** Defendant sought to collect an alleged civil penalty from Plaintiff in a civil case for violations of the Wyoming Environmental Quality Act, filed in the District Court, First Judicial District, County of Laramie, State of Wyoming and assigned Docket Number 2024-CV-0202253

**4.** Plaintiff contended that this debt is dischargeable in bankruptcy and does not fall within any of the exceptions to discharge set forth in 11 USCS § 523. Adversary Defendant People of the State Wyoming contended that the state-law claims against Plaintiff Jacob Milne are non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(7). On March 3, 2026, the United States Bankruptcy Court for the District of Wyoming entered its *Corrected Order Granting Relief From Stay* in bankruptcy case number 25-20303, in which the Court found that the People's state-law claims against Debtor Jacob Milne were excepted from the automatic stay under 11 U.S.C. § 362(b)(4). Accordingly, People of the State of Wyoming thereafter continued the state-law based case against Jacob Milne in the District Court, First Judicial District, Laramie County, Wyoming, Civil Action No. 2024-CV-0202253.

**5.** Subsequent to the filing of this adversary proceeding, Plaintiff and Defendant entered into a consent decree titled in the related case in the District Court, First Judicial District, Laramie County, Wyoming, Civil Action No. 2024-CV-0202253.

**6.** A true and correct copy of the Consent Decree is attached as Exhibit A and incorporated into this Stipulation as if fully set forth herein.

7. The Consent Decree resolves claims arising from both the District Court Action and the Adversary Complaint and established Plaintiff's obligations to Defendant People of the State of Wyoming, including but not limited to an agreed-upon civil penalty judgment of $50,000.00, with interest to accrue thereon at seven percent per annum (the "Subject Debt").

**Stipulated Basis for Judgment**

8. Plaintiff Jacob Milne acknowledges the validity, finality, and enforceability of the Consent Decree and the Subject Debt.
9. Both Adversary Plaintiff Jacob Milne and Adversary Defendant People of the State of Wyoming acknowledge and agree that the factual findings, admissions, conclusions, and obligations stated in the Consent Decree provide the factual and legal basis for entry of judgment in this adversary proceeding.
10. The parties incorporate into this Stipulation and the resulting judgment all factual findings, admissions, conclusions, and monetary obligations contained in the Consent Decree to the extent applicable to the Subject Debt.
11. The parties stipulate and agree that the allegations of the adversary complaint are adjudicated and resolved by the Consent Decree and this stipulation for entry of judgment in this action.
12. Plaintiff Jacob Milne stipulates that the Subject Debt is non-dischargeable in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 523(a)(7), and will not be discharged by any discharge entered in Bankruptcy Case No. 25-20303.
13. Plaintiff further stipulates that the Subject Debt remains a valid and enforceable obligation notwithstanding the filing or conclusion of Jacob Milne's bankruptcy case.
14. This Stipulation is intended to resolve fully all claims asserted in this adversary proceeding concerning the dischargeability of the Subject Debt.

**Agreement for Entry of Judgment**

**15.** The parties jointly request that the Court approve this Stipulation and enter a separate judgment providing that:

**a.** The Subject Debt established by the Consent Decree, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(7);

**c.** The Subject Debt will not be affected by any discharge entered in Debtor Jacob Milne's bankruptcy case;

**d.** The Consent Decree is incorporated into the judgment as the factual and legal basis for the determination of non-dischargeability, in addition to the earlier findings and rulings by the United States Bankruptcy Court for the District of Wyoming in bankruptcy action 25-20303;

**e.** Except as expressly provided in the judgment, the Consent Decree remains in full force and effect according to its terms; and

**f.** Each party will bear its own attorneys' fees and costs incurred in this adversary proceeding, except to the extent the Consent Decree provides otherwise.

**16.** Entry of the requested judgment will resolve this adversary proceeding in its entirety, subject to the Court's authority to enforce the judgment and this Stipulation.

**17.** This Stipulation does not release, alter, satisfy, supersede, or extinguish any obligation imposed by the Consent Decree, except to the extent expressly stated in the judgment or otherwise agreed by Plaintiff in writing.

**18.** All payments and credits received toward the Subject Debt will be applied in accordance with the Consent Decree and applicable law.

**19.** The parties enter into this Stipulation knowingly and voluntarily after having had the opportunity to consult with counsel.

**20.** This Stipulation contains the parties' entire agreement concerning resolution of this adversary proceeding and may be modified only by a written agreement signed by both parties and approved by the Court.

**21.** The parties consent to the Court's entry of final judgment consistent with this Stipulation.

WHEREFORE, Plaintiff and Defendant jointly request that the Court approve this Stipulation and enter the judgment set forth below.

Dated: [DATE]

Respectfully stipulated:

_______________________ 10/29/2026
Gregory Weisz (Wyo. Bar No. 6-2934)
Supervising Attorney General
Wyoming Attorney General's Office
Attorney for the People, Department, SHWD & AQD

Date

_______________________ 10/28/26
Paul K. Knight 5-2854
Attorney for Jacob Milne

Date